**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**February 25, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1380-CR**

Cir. Ct. No. **2023CT96**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JONATHAN GLEN BERBAUM,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Ozaukee County: SANDY A. WILLIAMS, Judge. *Affirmed*.

¶1 GUNDRUM, J.[1] Jonathan Berbaum appeals from a judgment of conviction entered following a guilty plea for operating a motor vehicle while

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

intoxicated (OWI), third offense. Specifically, he asserts the circuit court erred in denying his motion to suppress evidence procured following the underlying traffic stop. For the following reasons, we conclude the court did not err.

## BACKGROUND

¶2 Two law enforcement officers testified at the evidentiary hearing on Berbaum's suppression motion. Their relevant testimony is as follows.

¶3 An officer with the Port Washington Police Department testified that she was on patrol around 12:28 a.m. on March 31, 2023, when she learned the Ozaukee County Sheriff's Department was investigating a report by an identified citizen that a vehicle had hit a "rail or plastic barrier" on Interstate 43 (I-43). The officer was informed that the citizen had provided the make, model, and license plate of the vehicle, that the vehicle had exited I-43 and "was coming into our city," and that "two officers in the area [were] looking for this vehicle."

¶4 Shortly after learning the above, the officer "observed a vehicle parked in the middle of the roadway [in front of a residence] with its blinker on and there was no turn area." The license plate on this vehicle matched that of the vehicle Ozaukee County was looking for. The vehicle proceeded straight, and the officer followed it. The vehicle stopped again in the lane of traffic and with its turn signal on, but again there was "nowhere to turn. There was no road or entryway." The officer conducted a traffic stop on the vehicle. She described the driver's operation of the vehicle to be "confusing" and "unusual."

¶5 A deputy with the Ozaukee County Sheriff's Department testified that he was on patrol at around 12:28 a.m. on March 31, 2023, when he learned of a citizen complaint about "a vehicle that was swerving and possibly struck some

sort of barrier." The citizen had identified himself, informed dispatch he would provide a statement, and provided the make, model, and license plate of the vehicle. The deputy was informed the vehicle had been traveling on I-43 but had exited onto a highway leading into the city of Port Washington, so he requested assistance from Port Washington law enforcement. Within minutes, the deputy learned "that Port Washington had observed the vehicle," and the deputy "requested Port Washington to stop and hold [it] while [he] conducted an investigation." The deputy further testified that the Port Washington police officer who had stopped the vehicle had informed him that the officer thought the driving behavior of the operator of the vehicle was "bizarre."

¶6    In denying Berbaum's suppression motion and responding to an argument by Berbaum, the circuit court found *inter alia* that the testimony of the officer was not that she had merely been informed that it was a "possibility" Berbaum "had struck a barrier on the highway," but that the officer had testified that the "identified citizen" had reported, and the officer had been informed, that Berbaum had in fact struck a barrier, "that [Berbaum] had actually hit the barrier or the rail." The court found that the officer had been informed that after "str[iking] either the rail or the barrier, [the vehicle] continued without stopping and was heading into the City of Port Washington."

¶7    Berbaum appeals.

## DISCUSSION

¶8    Berbaum contends the circuit court erred in denying his motion to suppress evidence because the officer lacked reasonable suspicion to perform the traffic stop. We conclude the court did not err.

¶9 "The question of whether a traffic stop is reasonable is a question of constitutional fact." *State v. Post*, 2007 WI 60, ¶8, 301 Wis. 2d 1, 733 N.W.2d 634. Where, as here, the relevant facts are undisputed, we review independently the application of those facts to constitutional principles. *State v. Olson*, 2001 WI App 284, ¶6, 249 Wis. 2d 391, 639 N.W.2d 207.

¶10 An officer may conduct a traffic stop if the officer has reasonable suspicion that a traffic violation has been or is being committed. *State v. Houghton*, 2015 WI 79, ¶30, 364 Wis. 2d 234, 868 N.W.2d 143. Reasonable suspicion, "a low bar," *State v. Nimmer*, 2022 WI 47, ¶25, 402 Wis. 2d 416, 975 N.W.2d 598 (citation omitted), is an objective inquiry, determined by what a reasonable officer would reasonably believe under the circumstances, *State v. Nesbit*, 2017 WI App 58, ¶6, 378 Wis. 2d 65, 902 N.W.2d 266. Taking "everything observed by and known to the [officer]," we "determine whether the officer[] had 'a particularized and objective basis' to reasonably suspect" the defendant of unlawful activity. *Nimmer*, 402 Wis. 2d 416, ¶26 (citations omitted). The officer must possess "specific and articulable facts which, taken together with rational inferences from those facts," warrant a reasonable belief that the person being stopped "has committed, was committing, or is about to commit" an offense. *Post*, 301 Wis. 2d 1, ¶¶10, 13 (citation omitted).

¶11 Because Berbaum admits he "cannot demonstrate that any of the [circuit] court's findings of fact are clearly erroneous," we accept the court's factual findings that law enforcement, including the officer, learned from an

"identified citizen" that a vehicle had struck a barrier[2] along I-43 before exiting the highway and heading into the city.[3] Just minutes after learning that the sheriff's department was investigating this incident, the officer directly observed Berbaum, at approximately 12:28 a.m.—a time of night that "lend[s] some further credence" to an officer's suspicion of intoxicated driving, *see Post*, 301 Wis. 2d 1, ¶36; *see also State v. Lange*, 2009 WI 49, ¶32, 317 Wis. 2d 383, 766 N.W.2d 551 (concluding the time of night is a relevant factor in an OWI investigation)— "park[] in the middle of the roadway [in front of a residence] with its blinker on" when there was nowhere to turn in to. The officer learned that the license plate on Berbaum's vehicle matched that of the vehicle that had reportedly struck the barrier and then exited the interstate and headed into the city. The officer then observed Berbaum proceed straight before again stopping in the traffic lane with its turn signal on, at a spot where there was "nowhere to turn. There was no road or entryway." More than just "confusing," "unusual" and "bizarre," Berbaum's

---

[2] The circuit court found that the identified citizen reported that Berbaum "had actually hit the barrier or the rail," rejecting Berbaum's argument that the testimony established only "a possibility that the defendant had struck a barrier on the highway." Despite conceding in his moving brief that he could not "demonstrate that any of the court's findings of fact are clearly erroneous," Berbaum attempts in his reply brief to dispute the court's finding that the citizen reported that Berbaum had hit the barrier by resurrecting his "possibility" argument. This he cannot do. *See Northwest Wholesale Lumber, Inc. v. Anderson*, 191 Wis. 2d 278, 294 n.11, 528 N.W.2d 502 (Ct. App. 1995) (stating it is a well-established rule that an appellate court will not consider arguments raised for the first time in a reply brief).

[3] While Berbaum sets forth the law on police reliance of information from an informant, citing *State v. Miller*, 2012 WI 61, ¶¶31-32, 341 Wis. 2d 307, 815 N.W.2d 349, he fails to develop an argument that law enforcement unreasonably relied on the identified citizen's report that Berbaum had been swerving and had struck the barrier. Thus, we do not address whether law enforcement reasonably relied on the citizen's report. *See Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments."). We do note, however, that "a citizen informant—'someone who happens upon a crime or suspicious activity and reports it to police'— … is generally considered among the most reliable informants." *Miller*, 341 Wis. 2d 307, ¶31 n.18 (citation omitted).

driving at this time of night, including his concerning contact with the stationary barrier, was such that it provided the officer with reasonable suspicion to stop him for further investigation as to whether he was operating his vehicle while under the influence of an intoxicant.[4]

¶12    Strangely, Berbaum attacks the fact that "[t]here was no information concerning the severity of the purported collision. There is a world of difference between a slight scrape of the barrier, and a full-on collision with it." Although it could go without saying, any contact between a moving vehicle and a stationary barrier on the interstate creates automatic suspicion that something is dangerously amiss with the driver of the vehicle. In this case, it is obvious that the contact with the barrier was sufficiently minor so as to allow Berbaum to continue driving the vehicle after the contact, and any damage to the vehicle failed to rise to the level

---

[4] Berbaum suggests the officer did not have reasonable suspicion because she did not personally observe him commit a traffic violation. To begin, as indicated, with all the facts of which the officer was aware, she had reasonable suspicion that Berbaum was operating his vehicle while under the influence of an intoxicant, which was enough to legally support the traffic stop; she did not need probable cause that he committed that violation or any other. *See State v. Popke*, 2009 WI 37, ¶23, 317 Wis. 2d 118, 765 N.W.2d 569 ("Even if no probable cause existed, a police officer may still conduct a traffic stop when, under the totality of the circumstances, he or she has grounds to reasonably suspect that a crime or traffic violation has been or will be committed."). As for the fact that the officer did not personally observe Berbaum strike the barrier but instead learned of this from a citizen informant, the Supreme Court has "firmly rejected the argument 'that reasonable [suspicion] for a[n investigative stop] can only be based on the officer's personal observation, rather than on information supplied by another person.'" *Navarette v. California*, 572 U.S. 393, 397 (2014) (second alteration in original; citation omitted).

of a highlight noted by the officer in her testimony.[5]  The extent of the damage does nothing to undermine reasonable suspicion here.

*By the Court.*—Judgment affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[5] In her direct examination testimony, the officer did not testify to observing damage on Berbaum's vehicle.  Only when she was asked on cross-examination as to whether she observed damage on the vehicle, did she explain that she observed "a small amount of damage to the vehicle."  It is not clear from her testimony, however, whether she observed that damage before or after she stopped Berbaum.